# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SALLY K. FAVALORO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00740-AGF |
| | ) | |
| BJC HEALTHCARE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motions to dismiss filed by Defendants BJC Healthcare, Barnes-Jewish Hospital, Rhonda Brandon, Richard Leikweg, David Jaques, M.D., John Beatty, Colleen Becker, Christine Ramatowski, Mike Miller, and Jennifer Horst (collectively, "BJC Defendants") (ECF No. 45); the Honorable Charles Shaw (ECF No. 19); and BJH Department of Surgical Services (ECF No. 27). For the reasons set forth below, Defendants' motions to dismiss will be granted.

## BACKGROUND

Plaintiff worked for Defendant Barnes-Jewish Hospital ("BJH") from approximately 2004 until her employment was terminated on February 16, 2012. On August 11, 2012, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), asserting discrimination the basis of race and color, as well as retaliation. On October 16, 2013 and November 14, 2013, respectively, the MCHR and EEOC issued notices of her right to file a civil action within 90 days.

Favaloro I

On February 18, 2014, Plaintiff, through counsel, filed a lawsuit in this district against Defendants BJC Healthcare, BJH, Rhonda Brandon (BJC chief of human resources officer), David Jacques, M.D. (BJH vice president of surgical services), John Beatty (BJH vice president of human resources), Colleen Becker (director of perioperative services), and "Does 1-100," styled *Sally K. Favaloro v. BJC Healthcare, et al.*, 4:14-cv-00284-CAS ("Favaloro I"), with the Honorable Charles Shaw presiding. Plaintiff asserted seven causes of action, including whistleblower wrongful termination, Family Medical Leave Act interference and retaliation, retaliation under the Missouri Human Rights Act ("MHRA") and Title VII, discrimination under the MHRA and the Americans with Disabilities Act, conspiracy, defamation, and negligence per se. All of the claims asserted in Favaloro I arose from Plaintiff's employment from 2004 until 2012, and she claimed that each defendant was an agent and/or employee of every other defendant.

On October 20, 2014, Plaintiff filed a first amended complaint adding the remaining BJC Defendants Richard Leikweg (BJH president), Christine Ramatowski (BJC attorney), Mike Miller (BJH human resources employee), and Jennifer Horst (BJH human resources employee).[1] Like her original complaint, the first amended complaint asserted claims arising out of Plaintiff's employment with BJH between 2004 and 2012. The 129-page first amended complaint contained six "claim sets," with each containing

---

[1] It appears from the record that Plaintiff, not her attorney, filed the first amended complaint.

multiple sub-claims. The "claim sets" included whistleblower protection law claims, federal law claims, Missouri statutory law claims, Missouri negligence per se claims, and other Missouri common law claims.

On January 8, 2015, Judge Shaw held that Plaintiff's first amended complaint violated Federal Rule of Civil Procedure 8 and directed Plaintiff to file a second amended complaint. Plaintiff filed a motion for leave to file a second amended complaint, but Judge Shaw denied the motion because the second amended complaint failed to cure the defects present in the first amended complaint. Judge Shaw then directed the defendants to file responsive pleadings to the originally-filed complaint.

The defendants filed a partial motion to dismiss and answered the remaining claims. On May 15, 2015, Plaintiff filed a motion for withdrawal of counsel and proceeded pro se. Plaintiff then filed a pleading titled "first amended complaint,"[2] which, as far as this Court is able to determine, added a number of factual allegations to the second amended complaint. Judge Shaw struck the third amended complaint from the record and ordered Plaintiff to respond to the pending motions to dismiss. Plaintiff failed to do so.

On October 28, 2015, Judge Shaw granted in part and denied in part the defendants' motion to dismiss. Specifically, Judge Shaw dismissed Plaintiff's MHRA and ADA claims, as well as the Title VII claims against Defendants Rhonda Brandon, Richard Leikweg, David Jaques, M.D., John Beatty, and Colleen Becker. The Court then

---

[2] This pleading was simply titled "amended complaint." For clarity's sake, the Court will refer to this pleading as the third amended complaint.

directed the defendants to answer the complaint.[3] The next day, Judge Shaw ordered Plaintiff to show cause why sanctions should not be imposed against her for failure to comply with his order requiring the submission of a joint proposed scheduling plan. Plaintiff then filed a number of pro se motions and notices seeking the disqualification of Judge Shaw, as well as orders requiring Judge Shaw to obey the United States Constitution, the Missouri Constitution, and the Federal Rules of Civil Procedure.

On June 30, 2016, Judge Shaw dismissed with prejudice Plaintiff's cause of action and all of her claims against the defendants for her failure to comply with a court order. Plaintiff appealed the decision to the Eighth Circuit, which deemed her notice of appeal untimely. It directed Plaintiff to seek an extension to file her appeal. Plaintiff instead argued that the Eighth Circuit was incorrect in determining that her appeal was untimely. On September 8, 2016, the Eighth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.

Favaloro II

On February 14, 2017, Plaintiff filed her complaint in this lawsuit. Her 6-page pleading includes claims against Judge Shaw and an entity named "BJH Department of Surgical Services." She alleges that the department is "BJC's flagship department." ECF No. 1 at ¶1005.12. Plaintiff also incorporates by reference the third amended complaint filed in Favaloro I. Specifically, Plaintiff states that she previously filed the third amended complaint, which she calls the "2015 Complaint," and that "the 2015 Complaint

---

[3] Plaintiff's originally-filed complaint did not contain allegations against individual defendants Richard Leikweg, Christine Ramatowski, Mike Miller, and Jennifer Horst. Those individual defendants did not file responsive pleadings.

is part of this 2017 Complaint for all purposes" and that "each statement in the 2015 Complaint is adopted by reference into this 2017 Complaint." ECF No. 1 at ¶1002.4.

On July 13, 2017, Defendant the Honorable Charles Shaw filed a motion to dismiss on the basis of judicial immunity. ECF No. 19. On July 17, 2017, the BJC Defendants filed motions to dismiss on the basis that Plaintiff's claims against them were barred by the doctrine of res judicata. ECF No. 24. Defendant BJH Department of Surgical Services filed a motion to dismiss on July 28, 2017, contending that Plaintiff failed to sufficiently plead that it is a legal entity capable of being sued under Missouri and federal law, that Plaintiff failed to state a claim for which relief could be granted, and that the doctrine of res judicata barred Plaintiff's claims because it was in privity with the BJC Defendants.

On August 9, 2017, Plaintiff filed a 129-page first amended complaint. The first amended complaint contains additional factual allegations against Defendant Shaw and purports to address the arguments presented in the pending motions to dismiss. For example, in response to the BJC Defendants' assertion that the doctrine of res judicata bars her claims, Plaintiff alleges that the 2015 Complaint "contained all of Plaintiffs claims against Defendants . . . and none of its Claims was ever addressed, in any forum, by any person, in any manner." ECF No. 40 at ¶ 1002.5. The first amended complaint also states that any reference to Defendant BJH Department of Surgical Services is a reference to Defendant Barnes-Jewish Hospital. *Id.* at ¶ 1005.12.

The first amended complaint includes allegations that the originally-filed complaint in Favaloro I (the operative complaint in that litigation) was filed by Plaintiff's

5

then-counsel and was not approved by Plaintiff, failed to state most of her claims, and failed to name some defendants. *Id.* at 1090.1. Therefore, Plaintiff contends that justice required Plaintiff to file an amended complaint. Plaintiff then recounts the procedural history of her amended complaints in Favaloro I, asserting that Defendant Shaw, in violation of the law, struck those attempted amendments.

The BJC Defendants filed a motion to dismiss the first amended complaint and incorporated the arguments set forth in their originally-filed motions to dismiss. Defendant Shaw filed a motion to strike the first amended complaint on the basis that it failed to meet the requirement of Federal Rule of Civil Procedure 15, in that it was filed without consent or leave of the court. The Court will consider Plaintiff's first amended complaint, even though it was filed without leave of the Court or consent of Defendants. The Court will also consider and apply the motions to dismiss to the first amended complaint.

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal citation omitted). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "Factual allegations must

6

be enough to raise a right to relief above the speculative level." *Id.* at 555.

a. Claims Against the BJC Defendants

The Eighth Circuit has "implicitly endorsed the use of a motion to dismiss to raise res judicata." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012). If an affirmative defense "is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *Id.* at 764 (internal quotation marks and citations omitted). A district court may consider public records or other materials connected with the pleadings in its evaluation. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

The doctrine of res judicata, also known as claim preclusion, is designed to promote judicial economy by preventing litigants from bringing repetitive lawsuits based on the same cause of action. *See Baptiste v. Commissioner,* 29 F.3d 433, 435 (8th Cir. 1994). Res judicata bars a party from asserting a claim in court if three requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Montana v. United States,* 440 U.S. 147, 153 (1979). "It is well established that res judicata prevents a litigant from getting yet another day (in court) after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights." *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 448 (8th Cir. 1979) (internal citations and quotations omitted).

Here, there was a prior judgment entered by a court of competent jurisdiction. Moreover, the prior decision was a final judgment on the merits. Federal Rule of Civil Procedure 41(b) provides that any dismissal operates as an adjudication upon the merits unless it is a dismissal for lack of jurisdiction, for improper venue or for failure to join a party under Rule 19. The United States Supreme Court has held that Rule 41(b) has res judicata effect where the defendant was forced to incur the inconvenience and expense of preparing to meet the merits of the plaintiff's claims. Specifically, it held:

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action.

*Costello v. United States*, 365 U.S. 265, 286 (1961). Here, the BJC Defendants filed multiple motions to dismiss and to strike in Favaloro I, incurring significant inconvenience and expense. The parties actively litigated the case before Judge Shaw dismissed with prejudice Plaintiff's action for failure to comply with his order. Therefore, Judge Shaw's order has res judicata effect.

In addition, the same cause of action and the same parties or their privies were involved in both cases. The acts underlying Plaintiff's claims in Favaloro I arose out of Plaintiff's employment between 2004 and 2012, and her subsequent termination. Similarly, both the complaint and first amended complaint in this litigation assert numerous claims against the BJC Defendants arising out of that employment and

8

termination.  The identical nature of the claims involved in this litigation and that in Favaloro I is highlighted by the fact that Plaintiff expressly incorporates by reference the third amended complaint she filed in Favaloro I.

There is identity of parties with respect to Defendants BJC Healthcare, Barnes-Jewish Hospital, Rhonda Brandon, David Jacques, M.D., John Beatty, and Colleen Becker, as they were named as Defendants in each of the complaints filed in Favaloro I. Defendant BJH Department of Surgical Services is in privity with the BJC Defendants, as it is merely a division of Barnes-Jewish Hospital.  In fact, Plaintiff expressly states in the first amended complaint that any reference to Defendant BJH Department of Surgical Services is a reference to Defendant Barnes-Jewish Hospital.  *Id.* at ¶ 1005.12.

Furthermore, res judicata applies to bar Plaintiff's claims against Defendants Richard Leikweg, Christine Ramatowski, Mike Miller, and Jennifer Horst.  "When two lawsuits present the same cause of action, res judicata precludes consideration of matters that were actually decided and matters that could properly have been raised and decided in the earlier lawsuit." *McNeill v. Franke*, 84 F.3d 1010, 1012 (8th Cir. 1996).  Plaintiff tried, unsuccessfully, to add Defendants Richard Leikweg, Christine Ramatowski, Mike Miller, and Jennifer Horst as defendants in Favaloro I.  This demonstrates that the allegations against those defendants in this suit could have been raised in Favaloro I. Holding otherwise would enable Plaintiff to avoid the doctrine of res judicata by simply not naming all possible defendants in her first action. *See Ruple v. City of Vermillion, S.D.*, 714 F.2d 860, 862 (8th Cir. 1983).  As a result, Plaintiff's claims against the BJC

9

Defendants and BCH Department of Surgical Services are barred by the doctrine of res judicata.

Lastly, Plaintiff's argument that her first complaint was filed by her attorney was not appointed by her and did not include all claims and parties is to no avail. If Plaintiff had issues with respect to the refusal to permit amendments to her complaint in Favaloro I, her recourse was to properly pursue, and then raise, those arguments on appeal.

b.  Claims Against Defendant Shaw

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco,* 502 U.S. 9, 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 10 (internal citation and quotations omitted). As a result, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 336 (1871).

Furthermore, "judicial immunity is an immunity from suit, not just ultimate assessment of damages," and "is not overcome by allegations of bad faith or malice." *Mireles,* 502 U.S. at 11. Judicial immunity is not available in only two circumstances: (1) for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity; and (2) for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* at 11–12.

Defendant Shaw contends that he is entitled to judicial immunity, and the Court agrees. The allegations against Defendant Shaw stem wholly from his acts as the judge presiding over Favaloro I, and he properly exercised jurisdiction over that matter.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by Defendants BJC Healthcare, Barnes-Jewish Hospital, Rhonda Brandon, Richard Leikweg, David Jaques, M.D., John Beatty, Colleen Becker, Christine Ramatowski, Mike Miller, and Jennifer Horst is **GRANTED.** ECF No. 45.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by BJC Department of Surgical services is **GRANTED.** ECF No. 27.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendant the Honorable Charles Shaw is **GRANTED.** ECF No. 19.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of January, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE