UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALLY K. FAVALORO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-00740-AGF |
| ) | |
| BJC HEALTHCARE, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on Plaintiff Sally K. Favaloro's motion to strike the Court's Order dismissing the case. ECF No. 58. For the following reasons, the motion will be denied.

Plaintiff filed this matter pro se on February 14, 2017. ECF No. 1. On January 8, 2018, the Court dismissed Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 56 and 57. Plaintiff did not file a notice of appeal. Instead, she filed the instant motion on February 5, 2018, claiming that "[o]n January 8, 2018, someone falsely purporting to take judicial action in this matter signed, filed, and mailed Documents #56 and #57." ECF No. 58 at ¶ 12. Plaintiff further claims that this Court lacks jurisdiction to enter such an order, so it must be stricken from the record.

Plaintiff cites Federal Rule of Civil Procedure 7(b)(1) as the basis for her pro se motion. But Rule 7(b) simply provides that a request for relief be set forth in a written

motion, and does not, itself, provide a basis for relief. Plaintiff's first argument in support of her motion also has no basis, as the Court did, in fact, enter the orders at issue. Liberally construing the other ground raised in Plaintiff's motion, the relief sought arises under either Rule 59(d) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). The Court will construe her motion as a motion for reconsideration under Rule 60(b).[1]

Rule 60(b) motions are appropriate when a party seeks relief from a final judgment to correct a mistake, to introduce newly discovered evidence, to show that a fraud has been perpetrated upon the court, or for any other justifiable reason. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. Of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005).

---

[1] Even if the Court were to construe Plaintiff's motion as one seeking relief under Rule 59(e), Plaintiff's motion would be denied as untimely. A motion to alter or amend judgment under Rule 59(e) must be made within ten (10) days from entry by the Clerk of the Court of the challenged ruling, *Auto Services Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008), and the time for filing such a motion may not be enlarged by the district court. *Fox v. Brewer*, 620 F.2d 177, 179 (8th Cir. 1980); Fed. R. Civ. P. 59(e), 6(b)(2). The ten-day time period begins to run the day after entry of the relevant ruling, *see* Fed. R. Civ. P. 6(a), and weekend days and holidays are excluded from the period. *Parkus v. Delo*, 985 F.2d 425, 426 (8th Cir. 1993). The record shows that the Memorandum and Order of January 8, 2018, was entered on the docket by the Clerk on January 8, 2018. The time period began to run the next day, January 9, 2018, and when weekend days and the Martin Luther King holiday are excluded from the period, the ten day period ended on January 23, 2018. Plaintiff's motion was mailed on February 3, 2018. The Court would therefore lack jurisdiction to address Plaintiff's motion under Rule 59(e).

Here, Plaintiff fails to assert exceptional circumstances warranting relief from the Court's Order dismissing the case. The Memorandum and Order entered on January 8, 2018, was duly signed by the undersigned, who had jurisdiction to issue such a ruling, and a copy was properly mailed to Plaintiff by the Clerk of the Court. Consequently, the Court will deny Plaintiff's motion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sally K. Favaloro's motion to strike the Court's Orders dismissing the case is **DENIED**. ECF No. 58.

Dated this 13th day of March, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE